NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YING LIU, | No.   16-74033 |
| Petitioner, | Agency No. A200-248-702 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2021[**]
Pasadena, California

Before:  CALLAHAN, OWENS, and FORREST, Circuit Judges.

Ying Liu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's denial of

her application for asylum, withholding of removal, and relief under the

Convention Against Torture Act ("CAT").  We have jurisdiction under 8 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1252, and, reviewing the BIA's "legal conclusions de novo and its factual findings for substantial evidence," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (citation omitted), we deny the petition.

Substantial evidence supports the agency's determination that Liu was not credible and thus ineligible for relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). First, Liu repeatedly failed to give consistent testimony regarding when she discovered she was pregnant. Liu initially testified she got pregnant on January 25, 2009. She then testified she discovered she "was about seven weeks" pregnant at a December 2010 hospital visit. Reminded of her prior testimony, Liu stated she was nervous and meant to say January 25, 2011. Liu had also testified that she went to the hospital in January 2011 "to see how the fetus was doing," but her asylum application stated she was "surprised" to learn of the pregnancy at the January 2011 hospital visit. Liu explained she went to the hospital twice—once in December 2010 after feeling ill, when she learned she was seven weeks pregnant, and again in January 2011 for a heart check-up, when she was "formally" told of the pregnancy.

"[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Contrary to Liu's contention, this was not an "utterly trivial inconsistency," like a spelling or typographical error. *Shrestha v.*

*Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). These inconsistencies go to the heart of the asylum case because Liu claimed family planning officials involuntarily hospitalized her in January 2011 to terminate her out-of-wedlock pregnancy. Even accepting that Liu's nervousness explains the January 2009 and January 2011 inconsistencies, she still fails to reconcile her conflicting statements about discovering the pregnancy in December 2010 or January 2011.

Second, Liu inexplicably testified that her fiancé was not in the same country as her in 2010—the year Liu would have conceived the child to be seven weeks pregnant in either December 2010 or January 2011. Liu testified she remained in China after returning in 2009, but that her fiancé was in Korea until they got married in June 2011. When challenged on this, Liu remarked her fiancé maybe visited her in 2010.

In reviewing a denial of immigration relief, the Ninth Circuit "may reverse the decision of the Board only if the applicant shows that the evidence *compels* the conclusion that the asylum decision was incorrect." *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011) (quoting *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006)). Liu's single belated explanation does not compel reconciliation of her earlier contradictory statements.

Finally, Liu—who claimed that she and her fiancé wanted to immediately marry but that he could not leave Korea—was evasive when asked why she did

3

not get married in Korea after discovering the pregnancy but *before* the abortion. Liu was asked several times to explain why she could not go to Korea to get married and avoid the family planning policy; however, she failed to provide a responsive answer. Instead, Liu's answers focused on immaterial circumstances *after* the abortion, like her spring 2011 decision to leave for the United States. And although Liu stated she left Korea in 2009 because her visa had expired, she did not claim that she was unable to obtain another Korean visa to get married in December 2010 or January 2011.

Liu's inconsistencies as to the discovery of her pregnancy, the implausible testimony about her fiancé, and her non-responsive and evasive answers when asked why they did not get married in Korea all provide a substantial basis for the agency's adverse credibility determination. The adverse credibility determination also defeats Liu's claims for withholding of removal and CAT relief because the only evidence of past persecution is her testimony, which the agency found unreliable.

**PETITION DENIED.**